Caer, J.
This case turns wholly upon the construction of the last clause in the testator’s will, which, after making provision for his wife and children, vests a considerable fund in his executors as trustees for the purposes expressed by the following words: “ They shall *655 (as it is my will and desire) so dispose of the same, for the purpose of aiding any of the members of my family, or any other person or persons who may be in distress, and whom they may think I would myself have assisted in such cases, confiding the disposition of the said trust fund entirely to their discretion.”
The plaintiffs filed their bill, insisting that this trust was void in loto for uncertainty, and praying that the fund might be distributed according to the statute. The court below, being of opinion that this clause was too vague and uncertain to be carried into effect, and therefore void, ordered a distribution according to the prayer of the bill: and from this decree the appeal is taken. As nothing is more consonant to justice and the respect we feel for the will of the dead, it has always been the anxious effort of courts to carry into effect last wills and testaments; and it is only when such wills violate the rules of law, or are utterly uncertain, that this is refused. As a proof of this anxiety, many cases might be cited. If a man creates a trust for the benefit of his family, his relations, his kindred—all these descriptions (though, taken literally, they are perfectly indefinite) have received such a construction as restrains them within certain limits, and thus sustains and effectuates the will of the testator. And if one part of a devise be void for uncertainty, and another part good, even though both be contained in the same clause, they will, if separable in their nature, be divided, and the good part sustained. The cases cited by the president shew this as fully as authority can shew any thing. I will not repeat them: but I may refer to Sugden on Powers 518. and many pages following, where all the cases are collected, and the matter treated with the usual ability of that valuable writer. That part of the clause in the will before us, which empowers the trustees to give a part of the fund “ to any other person or persons who may be in distress,” is clearly void for uncertainty; but why should *656 it vitiate the foregoing part, for the benefit of the members of testator’s family? It is answered, because the word or couples the succeeding with the foregoing part of the sentence, and makes the word distress relate back t0 “ members of my family.” Suppose this construction were agreed to : does any one suppose that a trust raised by a testator for the benefit of any members of his family who might be in distress, would be void ? The books teem with such cases; and the only question about them is, whether the words in distress are not wholly inoperative, and the distribution of the fund to be made without any regard to them. The cases are both ways. Sugden (p. 521.) after stating them, concludes thus: “Upon the whole then, there appears to be great reason to contend that the true rule is, that the epithet poor, necessitous, or the like, is merely nugatory, although certainly there is a considerable weight of authority in favour of the contrary doctrine.” But all the books agree that such a trust is valid; and surely, if so, the connecting it with a trust void for uncertainty cannot vitiate it.
It was no part of the purpose of the bill to take the trust fund from the trustees, for any other cause than that the trust was void and the fund distributable. That having failed, the bill must be dismissed, and the fund left in those hands to which the testator has confided it—a trust with which the court would interfere only in case of a defect of trustees, or of their refusing to execute, or being in the course of violating the trust.
Tucker, P.
Thomas Hill, by his will made in 1827, after various provisions for his wife and children, devises a considerable estate, both real and personal, to his executors, in trust to sell the real estate at such times as they in their discretion shall judge most advantageous to those who might be interested in the distribütion; and gives the proceeds of sales, and the debts *657 which should be collected, and his moneys on hand, in trust to his executors that they should so dispose of the same for the purpose of aiding any of the members of his family, or any other person or persons who may be in distress, and whom they might think he would himself have assisted in such cases, confiding the disposition of the said trust fund entirely to their discretion.
It is agreed on all hands that the words any other person or persons who may be in distress, are too vague and uncertain, and that the declaration of trust as to such persons is altogether inoperative and void. Gallego’s ex’ors v. Attorney General, 3 Leigh 450. But it is contended on the part of the appellees, and so has it been decided by the circuit court, that tho indefinite character of this provision rendered void and inoperative the whole of that clause in the will, and that the heirs and distributees were entitled to demand the property altogether discharged of the trust. On the other hand it is alleged, that the trust for the benefit of the testator’s family is sufficiently definite and precise, and is not vitiated by its connexion, in the same clause, with the vague and indefinite declaration of trust in favour of persons in distress. I am clearly of this opinion. No authority in point has been produced to shew that a declaration of trust, in favour of certain definite objects of the testator’s bounty, is avoided because in the same clause there is a limitation to persons incapable of taking ; or because there is a limitation to persons not certain and ascertained. Reason and authority, on the other hand, conspire to say, that so far as the testator’s will is legal, intelligible and certain, it shall be effectuated, and what is illegal, insensible and uncertain shall be rejected. So also, where from any cause the will shall fail of effect in part, it will not affect the residue, if they be not inseparably connected. Hence if a legacy be given to two, one of whom dies in the testator’s lifetime, so that as to him the will cannot operate, *658 the whole will go to the survivor. 1 Roper 330. So far from avoiding the whole bequest, the death of the party in this case enlarges the survivor’s interest. So, doubtless, if in England lands were devised to be equally divided between A. B. and C. the last of whom, being a papist, would be incapable of taking, the whole would go to A. and B. and the devise to 0. would be rejected. For the rule as laid down by the judges is, that “ the method of the courts is not to set aside the, intent because it cannot take effect so fully as the testator desired, hut to let it work as far as it can." Ca. Temp, Talb. 50. And this is with good reason ; for why shall a testator’s disposition of his estate, in so far as it is intelligible, legal and certain, be defeated, merely because, in his ignorance, he has combined with it what is either insensible, or contrary to law, or too vague to be effectuated ? I can perceive neither good sense nor justice in such a course of decision, and I am happy to sustain myself by the opinion of a very able judge, in a case very parallel to the present. In the case of Blandford and others v. Fackerell, before lord Thurlow, 4 Bro. C. C. 393. it appeared that Edward Fackerell, by his will, having devised all his real estate to trustees, proceeded to direct that they should take a lease of a house, and fit it up for a school “ for the education of the children and grandchildren of his relations (naming them) and thqt they admit into the school such number of boys and girls as the income would be sufficient to educate.” The provision in behalf of, the boys and gilds was pressed by the attorney general, who, however, contended that even if that were not valid, the trust was good as to the children and grandchildren, and might, as to them, be separated from the charity, and go as far as by law it could. He cited Doe e. d. Philips v. Aldridge, 4 T. R. 264. The lord chancellor said, “ The first object of the testator is to give education to the children and grandchildren, and then that a benefit *659 should arise to others from his bounty. I can only devise a plan for the objects of his bounty” (he means the children and grandchildren, as the decree shews) “ and direct an inquiry who are such. As far as it tends to establish a general charity, it is void by the statutes of mortmain.” It was accordingly declared that the devise and bequest was void as a devise for the general purposes of establishing a charity, but tha.t the children and grandchildren were entitled to the benefit of the dispositions in their favour, so far as the objects thereof were not too remote. No further authority can be necessary to shew that the court will effectuate a will so far as it can, though it lops off whatever is contrary to law or cannot be effectuated.
I am therefore of opinion, that the decree of the circuit court is dearly erroneous, and that the trust in this case is good, so fiar as it extends to the testator’s family. We are not now called upon to decide who are comprehended by this term, nor whether the words “ who may be in distress” are to be considered as applying to them. Nor are we called upon to limit or control the discretion of the executors as to the administration of the trust, or to hasten the execution of it by compelling them to proceed to sell &c. Whether the court could interfere with the free exercise of their discretion, may be doubted. 3 Cond. Eng. Ch. Rep. 482. But upon this subject I mean to give no decided opinion. The proper course for us is to reverse the decree with costs; and entering such decree as the circuit court should have made, the bill must be dismissed with costs, without prejudice to any proceeding which the plaintiffs or others may institute in relation to the execution of the trust.
Brooke, Cabelt. and Brookenbrougu, J. concurred in the opinion of the president.
Decree reversed and bill dismissed.